**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Edward WILSON, Defendant-Appellant.**

**No. 71-1294.**

United States Court of Appeals, Sixth Circuit.

Dec. 28, 1971.

Certiorari Denied April 17, 1972.
See 92 S.Ct. 1516

Robert W. Andrews, Memphis, Tenn. (Court Appointed), for appellant.

Larry E. Parrish, Memphis, Tenn., Thomas F. Turley, Jr., U. S. Atty., U. N. Raines, Asst. U. S. Atty., Memphis, Tenn., on brief, for appellee.

Before EDWARDS, PECK and MILLER, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant in this case was convicted after jury trial in the United States District Court for the Western District of Tennessee, Western Division, of interstate transportation and concealment of a stolen motor vehicle, knowing same to have been stolen, in violation of 18 U.S.C. §§ 2312 and 2313 (1970). He was sentenced to three years on each count, with the sentences to run concurrently.

Before trial, on motion of the government, in view of appellant's previous mental hospital treatment, he was referred by the District Judge for examination and report on competency to stand trial, and a hearing was conducted on this issue. At this hearing a state hospital psychiatrist testified essentially that appellant was normal in most respects, but that his intelligence was limited (I.Q. of 80) and that his judgment and understanding were limited "in complex situations." On examination by the government he gave his view that the same comment might apply to three to four per cent of the total population.

After a careful hearing in which the District Judge participated in questioning the psychiatrist, the District Judge ruled:

"THE COURT: Gentlemen, I am going to find the defendant competent to stand trial. The Doctor's testimony was not absolutely to that effect, but I gather that he does basically have the competency to consult with Mr. Andrews, tell Mr. Andrews what happened, what his understandings were at the time, and I believe he basically is able to understand that he is charged with transporting a stolen automobile across a state line, and that he knew it was stolen at that time, and so I am going to find him competent to stand trial, and you prepare an order to that effect."

At the trial no defense of mental illness was advanced, nor was there any episode or testimony in the trial record which would tend to raise either a mental competency or a mental illness issue. Cf. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). On appeal no issue is presented concerning appellant's competence to stand trial, but appellant's counsel contends as one issue that the pretrial competency testimony showed that appellant was of such limited intelligence as to be unable to form the required intent to commit the crime charged.

At trial appellant testified. His defense was basically that he had permission to drive the car to Memphis and turn it over to the person to whom the government alleged he attempted to sell it. His story certainly had an element of inherent improbability; but his testimony was both coherent and understandable. It tended to demonstrate both understanding of the nature of the charge and ability to assist his attorney in his defense. It was certainly not so incredible as to require the District Judge's sua sponte reconsideration of his previous competency ruling. Cf. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

The trouble with appellant's defense was that there was positive testimony from government witnesses which squarely rebutted the permission defense. The jury verdict indicated its rejection of appellant's story and acceptance of the evidence to the contrary. Review of the entire trial record leaves no question in our minds about the adequacy of the government's proofs to sup-

port the verdict of the jury both as to intent and as to guilty knowledge.

While we find no abuse of appellant's rights or abuse of discretion on the part of the trial judge which warrants reversal of this judgment, we do note the recommendation of the government psychiatrist concerning an out-patient chemotherapy treatment program for appellant. The practicality or impracticality of this recommendation may have been demonstrated to some degree by now since appellant was free on bond prior to trial and his bond was continued pending this appeal. If so, doubtless his obviously competent counsel will call the matter to the attention of the District Judge by means of a motion under Rule 35.

The judgment of conviction is affirmed.